IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANNIE MAE,<br><br>   Plaintiff,<br><br>  v.<br><br>ARLENE LONGSHORE and SCOTT BOGUE,<br><br>   Defendants.<br>                / | No. C 12-06112 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SONOMA COUNTY SUPERIOR COURT; VACATING HEARING** |

   Currently before this Court is plaintiff's motion to remand this case to Sonoma County Superior Court. Plaintiff filed the instant motion to remand on December 17, 2012. Defendants' opposition was due by December 31, 2012. Defendants have not filed an opposition, requested an extension of time, or otherwise contacted the Court.[1] Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing scheduled for January 25, 2012.

   When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be "presented on the face of the plaintiff's

---

[1] The Court notes that several notices, sent to defendants via U.S. mail at the address defendants provided to the court, have been returned to the Court as undeliverable. *See* Dkts. 12-17. Pursuant to Civil Local Rule 3-11, defendants have a duty to promptly file any address change with the Court while the action, which defendants removed to this Court, is pending. Defendants have not notified the Court of any change of address. Accordingly, the Court will continue to notify defendants at their last known address.

properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

A motion to remand under 28 U.S.C. § 1447(c) "is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted). Remand to state court must be ordered when a district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

This case stems from an action for unlawful detainer under California state law. Plaintiff Fannie Mae purchased the property located at 14984 Canyon 2 Rd, Guerneville, CA 95446 (the "Subject Property"), at a trustee's sale on July 17, 2012. On August 23, 2012, Fannie Mae served a Notice to Vacate on defendants. When defendants failed to vacate the Subject Property, Fannie Mae filed an action for unlawful detainer in Sonoma County Superior Court on September 10, 2012. Defendants removed the action to this Court on December 3, 2012.

Defendants' Notice of Removal asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441. The Court disagrees. The Court does not have federal question jurisdiction under 28 U.S.C. § 1331 because the case does not arise from federal law. Plaintiff's complaint states a single state law cause of action for unlawful detainer under California Civil Code § 1161a. The defense that defendants cite in the Notice of Removal – defective notice under the 12 U.S.C. § 5220 (The Protecting Tenants at Foreclosure Act) – does not create federal question jurisdiction. Federal question jurisdiction must arise from the face of the complaint, not as a defense to a state law cause of action. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908).

Removal was also improper under diversity jurisdiction. Under 28 U.S.C. § 1441(b), an action is not removable under diversity jurisdiction if the defendant is a citizen of the state in which the action was brought. Here, defendants are citizens of California. Therefore, because the case was brought by plaintiff in a California state court, defendants may not remove the action to federal court.

Accordingly, this Court lacks subject matter jurisdiction and therefore, the Court GRANTS plaintiff's motion and REMANDS the case to Sonoma County Superior Court.

**IT IS SO ORDERED.**

Dated: January 22, 2013

SUSAN ILLSTON
United States District Judge